## GRANT ET AL. *v.* THE SCHOOL TOWN OF MONTICELLO.
### No. 6918.

EVIDENCE.—*Payment.*—*Statute of Limitations.*—*Collateral Security.*—*Tender.* —*Action on Account.*—*Commencement of Action:*—In an action on account, for the value of personal property sold and delivered, wherein payment and the statute of limitations of six years were pleaded as answers, the evidence showed that the goods were shipped by the plaintiffs, to the defendants, per contract, on the 16th day of August, 1870, and were of the value alleged ; that the defendants, on receiving the goods, forwarded to the plaintiffs certain county bonds equalling the amount of the account; that the plaintiffs received the bonds, not as payment, but as an assurance thereof ; but the evidence did not show that they were governed by the law merchant. The record of the cause showed that the action had been commenced on March 22d, 1876, but there was no evidence on that point.

*Held,* that neither payment, nor the statute of limitations pleaded, were proved.

*Held,* also, it being conceded by the defendant that the bonds were intended only as collateral security, and that they had been declared null and void by the proper court that no return or tender thereof was necessary.

From the Carroll Circuit Court.

*S. T. McConnell* and *J. Applegate,* for appellants.

*A. W. Reynolds, E. B. Sellers, D. Turpie* and *H. D. Pierce,* for appellee.

BIDDLE, J.—The appellant brought this action against the appellee, in the White Circuit Court, upon a complaint, in the form of a common count, for goods, wares and merchandise, to wit, school desks and school furniture, sold and delivered by the plaintiffs to the defendants, with a bill of particulars.

The case was sent to the Carroll Circuit Court by a change of venue.

The defendant answered, denial, payment, statute of limitations for six years.

Reply of denial.

Trial by the court, and finding for defendant. By a motion for a new trial, the several questions which we shall notice are brought to this court by appeal.

Three questions are to be decided :

1. Does the evidence prove payment?

2. Does the evidence prove a bar by the statute of limitations?

3. Is the finding contrary to the evidence?

The evidence is as follows :

"George H. Grant: 'My name is George H. Grant. I am one of the plaintiffs in this action, and one of the firm of George H. Grant & Co. The present members of the firm are George H. Grant, Turner W. Haynes and William F. Spencer; but, at the time the goods were sold to the Monticello school board, George H. Grant, Turner W. Haynes and Joshua W. Nickerson composed the firm. The present firm succeeded the old firm (Mr. Spencer taking Mr. Nickerson's place), and own the account in suit.

"'Joshua W. Nickerson made the sale of the goods mentioned in the complaint, on the 9th day of April, 1870, but the goods were shipped on the 16th day of August, 1870, and the school board paid the freight thereon, set up the goods, and forwarded to us a package of White County bonds.

"'The aggregate amount of our bill for said goods was $1,549.20, and the defendant sent us a corresponding amount of bonds, due and payable September 15th, 1871. Upon receipt of this package of bonds, we acknowledged receipt of their valuable package, without naming what it contained.'

"Cross-Examination. 'We did not regard county

bonds as money, although the bonds were represented as good. *Had the bonds been paid at maturity,* or afterward, the account would have been credited with the amount, and balanced according to our usual custom. When we sell goods and take a note for the amount, we do not credit and balance the account, but leave the account open until the note is paid, and when it is paid we credit and balance the account. When a note is received, we make a note or memorandum of its receipt, on the margin of the account. I visited Monticello two years ago, and called on the school trustees, and learned from them that the desks we had sold them were and had been in use, and were in all respects satisfactory.

"'We understood from Mr. Nickerson, that the bonds were considered good, and were circulating as money. We accepted these bonds as we are accustomed to accept any note or other obligation; that is, we accept the note or other obligation, and when paid credit the account. *We receive notes and county bonds on account, for goods, as a further assurance that the debt will be paid when the notes or bonds become due. We so received the White County bonds in this case.*

"'We did not receive them in *payment* of our account. Had we been informed that they were *sent in payment,* we would have sent them back at once, according to our custom of doing business. We have not returned the orders or bonds to the defendant. The contract was entered on our books, on the 27th day of April, 1870. We acknowledged receipt of the package September 8th, 1870, and the school board received the goods prior to that time.'"

This was all the evidence given in the case.

1.   As to the first question.

The onus of proving the answer of payment rested upon the defendant.   The delivery of the county bonds, if valid, by the defendant to the plaintiffs, and their receipt for

them, without showing that they were negotiable public securities, governed by the law merchant, or that they were by agreement accepted as payment, do not amount to proof of payment. We have several times decided that taking a bill of exchange, or a promissory note governed by the law merchant, upon a debt, amounts *prima facie* to a payment. Whether receiving county bonds, if they were valid and negotiable public securities, governed by the law merchant, upon a debt, will amount *prima facie* to a payment, we need not decide in this case; but we do decide, that, if the bonds have not such negotiable qualities, their receipt upon a debt will not amount to payment, unless it was agreed between the parties that they were to be so taken. Neither the negotiability of the bonds, nor their receipt as payment, was proved.

2. The evidence does not prove the statute of limitations. It shows that the goods were shipped on the 16th day of August, 1870; but the evidence in the bill of exceptions does not show at what time this suit was commenced. If the court that tried the case was at liberty, at the trial, to look to its records to ascertain at what time the suit was commenced—a question which we do not decide—it would have found that the suit was commenced on the 22d day of March, 1876, which would bring its commencement within six years from the time the cause of action accrued.

3. As to the finding being contrary to the evidence.

If the county bonds had been received as payment, and had been of any value, it would have been necessary for the appellants to have returned or tendered the bonds to the appellee, before the commencement of the suit; but it is conceded by the appellee, that the bonds were received by the appellants as collateral security only; it is also conceded by the appellee, that the bonds are of no value—having been declared null and void by this court, in the

case of *Rothrock* v. *Carr*, 55 Ind. 334. The bonds, having been received as collateral only, need not have been returned or tendered before suit, even if they had possessed value ; and, having no value, of course they do not amount to payment. The answer of payment is therefore not proved. It follows that the judgment is erroneous.

The judgment is reversed, at the costs of the appellee, and the cause is remanded, for further proceedings, according to this opinion.