# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1893, IN THE SEVENTY-
EIGHTH YEAR OF THE STATE,

———————◆———————

No. 562.

### PRICE v. BARNES ET AL.

PAYMENT.—*Accepting Note for Debt.*—*Burden of Proof.*—*Evidence.*—
*Presumption.* —Where payment is answered in an action for
debt, it being averred that the guardian debtor gave his in-
dividual note in payment for the debt, and that said note was ac-
cepted as such by the creditor, the defendant must prove, before
such answer can avail anything, that the note given for the debt
was received as payment at the risk of the plaintiff; and it can not
be presumed from proof that plaintiff took the note for the debt,
that it was taken as full payment.

VERDICT.—*Sufficiency of Evidence to Sustain.*—That the evidence is not
sufficient to sustain the verdict, see opinion.

CONTRACT.—*Novation.*—*Guardian and Ward.*—Where A., as guardian, is
indebted to B., and, by mutual agreement between A. and B., the
individual note of A. is accepted in extinguishment of his liability
to B. as guardian, such transaction is sufficient as a novation, A.
representing the guardianship, and, also, himself individually.

APPEAL.—*Costs of.*—*Erroneous Taxation of by Clerk.*—*Remedy.*—Where
one of the defendants in a cause of action was simply a nominal
party, having no interest in the matter in controversy except to pay
into court a part thereof for the party who might be adjudged en-

titled thereto, and for such purpose appeared in the case by inter-pleader, and not having been notified of the pendency of an appeal, and not having authorized any one to appear for him on appeal, and having created no costs in the case except such as accrued by reason of said interpleader, the fact that the title of the cause on appeal contained his name as one of the appellees, and the attorneys signed their names as attorneys for appellees to parts of the record, and to other parts as attorneys for appellee, can not make such party jointly liable for costs of appeal; and the motion to modify not having been made within the time allowed for filing a motion for a re-hearing, the court has no power to modify its decision, but the decision being one of reversal merely, whatever further order was made was the work of the clerk in his application of the law upon the judgment of reversal; and such order will be upheld only in so far as it is sustained. by the law. Such party should be relieved of costs of appeal.

Opinion on petition to modify judgment by REINHARD, J.

From the Owen Circuit Court.

*I. H. Fowler* and *W. A. Pickens*, for appellant.

*D. E. Beem* and *W. Hickam*, for appellees.

REINHARD, C. J.—Mary Wood, a minor, was indebted to the appellant for board. She recovered a judgment against Lycurgus H. Wood, the guardian of Mary, for the amount of the debt, with an order directing the guardian to pay it out of the ward's estate. Subsequently the ward intermarried with the appellee Barnes. Upon a settlement with the guardian, a balance was found due the ward. The latter died in April, 1877, the debt to the appellant remaining unpaid. Wood, the guardian, being insolvent, his surety, the appellee Duling, made a settlement with Barnes, and paid him the amount due Mary, excepting some balance which Duling has paid into court since the commencement of this action. Duling is, therefore, out of the case.

The principal action is against Barnes for the amount due the appellant on her judgment against the guardian Wood.

There was a plea of payment, a trial, and a verdict for the appellee Barnes.

The controlling question is as to the sufficiency of the evidence to sustain the plea of payment. It was proved that the appellant took of Wood, the guardian, a note for the debt, and it is claimed that this note operated as a full payment of the indebtedness. The note was not payable in bank, nor is there any evidence that it was taken as a payment of the debt, or at the creditor's risk. *Godfrey* v. *Crisler*, 121 Ind. 203.

The evidence further tends to show that the appellant gave the guardian a receipt, and it is claimed that this is evidence that the note was taken as a full payment of the debt. The appellant denied giving the receipt. The only evidence throwing any light upon the transaction of the receipt is that of the guardian, who testified as follows:

"I received a receipt from her, said Mary Price, for the full amount of the judgment. I had got into trouble, had lost my property, and I told my sister that if she would give me a receipt, so that I could use it in making my report as guardian, I would pay her the amount as soon as I was able."

We regard this as a sufficient explanation of the receipt, but it is no evidence of the fact that the guardian's note was taken as an extinguishment of the debt, or at the risk of the appellant.

The most that is claimed for the appellee, upon the question of payment, is that the evidence shows the appellant took the note "for the debt." This can not be construed to mean that it was taken as a full payment.

The burden of proof was upon the appellee Barnes to establish the facts averred in his plea of payment. This is the general rule. In this case he was required to show further, that the note given for the debt was received as

payment, and at the risk of the appellant. *Godfrey* v. *Crisler,* supra. This he failed to do, and for this reason the cause must be reversed.

Other questions are presented by the record, but they need not arise again, and we shall, therefore, not undertake to determine them.

The appellee has asked leave to assign cross-errors, and in anticipation of a favorable ruling, has so assigned them. The appellant moves to strike the same from the files, as being in violation of Rule 4 of this court. We have examined the record, and found that while the appellee has not complied strictly with the rule, there are such extenuating circumstances as we think entitle him to leave to file his assignment of cross-errors at the time the application was made. We shall, therefore, treat the assignment as having been properly made, and proceed to dispose of the question thereby presented.

The cross-error complained of is the sustaining of the appellee's demurrer to the third paragraph of his answer.

The substance of this paragraph is, that before the commencement of the action a mutual agreement was made and entered into between Wood, the guardian, and the appellant, by the terms of which the appellant agreed to accept said Wood individually as payor of the debt, in consideration of his promise to pay the sum as soon as he was able, and to release Wood in his fiduciary character from all further liability, and that in pursuance of said agreement the appellant executed her receipt to Wood as guardian in full satisfaction of the debt, and released him as such from all further liability, and that in his next annual report he filed said receipt as a voucher in said guardianship, and was discharged as to said indebtedness.

Does this paragraph establish a novation of parties?

Price *v.* Barnes *et al.*

The doctrine of novation comes to us from the civil law and is defined as the substitution of one debtor or creditor for another, or of a new for a pre-existing indebtedness. In each of these it is required that there be a valid obligation, an extinguishment of the same and a valid new contract. *Clark* v. *Billings*, 59 Ind. 508;. *Parsons* v. *Tillman*, 95 Ind. 452; *Kelso* v. *Fleming*, 104 Ind. 180; *Pope* v. *Vajen*,.121 Ind. 317.

We do not see wherein the paragraph under consideration is deficient in any of these elements. The appellant certainly had a right to release Wood as guardian, and accept the obligation of Wood, the private person. The latter also had a right to enter into such an agreement. The extinguishment of the old debt of the guardianship was a sufficient consideration for the new one of Mr. Wood.

The fact that Wood represented both the ward and himself can not invalidate the transaction. Ordinarily, it is true, three persons are requisite to make a novation of parties. Here Wood represented two of these persons, and the appellant the third. There can be nothing in the appellant's contention that the old debt—that is, the judgment—was already the personal debt of Wood, and that he was personally liable for it, and that, therefore, there was no consideration. The old obligation was not his own, nor was there any liability on his part, until it was shown he had been guilty of some breach of duty. Then it was purely the debt of the estate of his ward, until by the agreement of the parties there was a change of the debtor.

We think the answer was good, and the demurrer to it should have been overruled.

Judgment reversed.

Filed Sept. 16, 1892.

### On Petition to Modify Judgment.

REINHARD, J.—Since the reversal of this cause, and the expiration of the time for filing a petition for rehearing, Electus H. Duling, one of the original defendants in the court below, and nominally an appellee in this court, filed a sworn petition for a modification of the mandate herein, "by striking out his name therefrom, and so modifying said mandate as to relieve affiant from all liability for any part of the costs made upon the appeal."

In his affidavit he sets forth that he has not now, and never has had, any interest whatever in the litigation between the appellant Price and the appellee Barnes; that all of the litigation, both in the court below and upon this appeal, has been between said Price and Barnes, and that all the costs in both courts have been made by them in the litigation of their rights as between each other, and that affiant, with the exception of the filing of his interpleader and the payment of the money in his hands into court, has made no costs in said cause whatever; that, as shown by the complaint, he was only made a defendant that he might be ordered to pay the money then held by him, and in dispute between said Price and Barnes, into court for the use of the party found entitled to receive the same; that at the first term of the court below, after commencement of this suit, he filed his interpleader, confessing the amount held by him and offering to pay the same to whichever party the court might adjudge to be the owner thereof; that the court ordered him to pay the same into the hands of the clerk, and that he thereupon, without further delay or expense to the parties, paid the sum of $93, being the full amount due by him, to the clerk of said court, and asked for an order of court relieving him from all costs in the case; that

Price *v.* Barnes *et al.*

since that time he has never had any interest whatever in said litigation, and has made no costs in the same; that the issues were made up and the cause tried between said parties without any reference to this affiant, no further claims being asserted by either party against him, and he claiming nothing against either of them; that he has never had any counsel employed in the cause, either in the court below or in this court, the interpleader filed by him being voluntarily prepared by the counsel representing said Barnes in the court below and at the instance of said Barnes, and that no one has had any further authority to represent him in either of said courts; that if any judgment has been rendered against him in the court below, it has been without any default of his, without any issues having been joined or trial had, and is wholly irregular and void as to him; that he never had any notice of this appeal, and has made no appearance to the same in person or by attorney, and that all that has been done by said parties has been wholly without participation on his part; that affiant is now informed that by some mistake or error this court has rendered judgment reversing the cause, and has also pronounced judgment against both Barnes and affiant, as though they had both been properly brought into this appeal, and that the clerk of this court, on the 6th day of January, 1893, issued an execution upon said judgment in favor of said appellant and against said affiant and said Barnes, and placed the same in the hands of the sheriff of Owen county for collection. He asks to have the mandate modified and the sheriff directed to return the execution, and for all other proper relief.

No counter affidavit has been filed, and the only objection made to the granting of the motion is contained in the brief of appellant's counsel upon the motion.

The record shows that in the court below both defend-

ants were ruled to answer; and, in response to the rule, filed separate demurrers to the complaint, which were overruled and an exception reserved by both defendants. Thereupon each defendant filed his separate answer to the complaint. The answer of Duling confessed that he was indebted to Barnes upon a promissory note, which was executed under the circumstances substantially as alleged in the complaint, and that he was willing to pay said note to whoever might be adjudged to be the owner of the same and entitled to the payment thereof, when the same should become due. He asked that no judgment for costs be rendered against him.

. The record further shows that the plaintiff then filed a motion that defendant Duling be required to make his separate answer more specific, which motion was sustained. It is not shown that the defendant Duling ever paid the money into court, or was ordered to so pay it, nor does it appear that he had any further connection with the case.

The court instructed the jury as follows, among other things: "Duling answers that there is due from him to Barnes, upon a note, the sum of $93, which he is willing and ready to pay to any one to whom it may be adjudged to be owing, and he has paid said sum into court for the person entitled to receive the same. The disposition of that money is to be determined by the court."

The verdict of the jury was as follows: "We, the jury, find for the defendant, Beverly P. Barnes."

In the subsequent proceedings the name of Duling is frequently used in the title of the action, and sometimes the word defendants is employed, but it is not shown that Duling had any further active connection with the case, except that he was used as a witness, and testified that he owed Barnes $93.48 balance on a note, and that he had paid the same into court since the beginning of the action.

Price *v.* Barnes *et al.*

The notice of appeal by the clerk of this court commands the sheriff "to notify Beverly P. Barnes and Electus H. Duling, or their attorneys of record, Beem and Hickam," of the appeal.

The return of the sheriff to said notice is as follows: "Served on the within named David E. Beem and Willis Hickam, attorneys for Barnes, by reading this notice to and within their hearing, and also by giving them a true and certified copy of this notice."

The record of this cause further shows that, on the 29th of March, 1892, the clerk issued a notice to the appellant "that, on the 29th day of March, 1892, Beverly P. Barnes and others filed in the clerk's office of said court their special appearance and motion to dismiss."

The motion mentioned in said notice was filed March 29th, 1892, and the title of the cause contains the names of both Barnes and Duling as appellees, and in the body of the motion it is stated that "David E. Beem and Willis Hickam, attorneys for the appellees in the court below, and attorneys of this court appearing specially," etc. The motion is signed "Beem and Hickam," and contains no further statement as to whom they appear for.

The appellee's brief in the cause was filed May 25th, 1892, and in the title contains the names of both Barnes and Duling as appellees, but is signed by Beem and Hickam as "attorneys for appellee." On the 25th day of May, 1892, a motion was filed for leave to assign cross-errors, containing also a rejoinder to appellant's reply brief. The title to this motion contains the names of both Barnes and Duling as appellees, and is signed "Beem and Hickam, attorneys for appellees."

The last paper filed in the main cause by Beem and Hickam is the waiver of petition for rehearing. In this

paper, the name of Barnes alone appears as appellee, and it is signed by them as "attorneys for appellee."

It would seem that as the allegations in the affidavit of Duling have not been contravened, the same must be taken as true, unless they are contradicted by the record. Duling swears that he never authorized Beem and Hickam to appear for him in the appeal. The mere signing of their names by Beem and Hickam as attorneys for appellees would not warrant the conclusion that they had authority from him to appear for him. The notice discloses, as we have seen, that Beem and Hickam were served by the sheriff as attorneys for Barnes alone. We think it is sufficiently shown that they did not appear in the court below as the attorneys for Duling generally. Their only authority was to appear and file the interpleader. It is not made manifest by the record that Duling had need for any attorneys after the filing of such plea. He admitted that he owed the money about which the other parties were litigating, and though there is no specific entry to that effect, it abundantly appears that he paid the money into court. With this act, it seems that Duling severed his connection with the case.

With the ruling concerning the defendant Duling, the appellant had no fault to find. She took no exception to any ruling made in favor of said Duling, and, consequently, could have taken no appeal therefrom. The entire litigation was between appellant and Barnes, and even if Duling had been brought into the appeal by notice, it is difficult to see upon what ground any judgment for costs could have been justly rendered against him.

We do not see what purpose he could accomplish by connecting himself in any way with the appeal, and this circumstance tends strongly to corroborate his claim that he had no connection whatever with the same. The fact that Beem and Hickam at one time appeared for him in

Price *v.* Barnes *et al.*

the court below, does not estop him from denying that they also appeared for him in the appeal. If it were shown by the record that Duling was served with notice of the appeal, it might be claimed with some degree of plausibility that he should share in the payment of costs. The motion to modify the mandate as to costs was not made until after the expiration of the time for the filing of a petition for rehearing. If Duling was in court, he was compelled to file his motion to modify within that time, inasmuch as after that time the court loses jurisdiction over the case, and no motion to modify would have any binding force. Even as it is, we do not assume to make any order changing the mandate in the cause, as that would be clearly beyond our power at this stage of the proceeding. It will be observed, however, that the only mandate or order made by this court was the reversal of the judgment. Any order following that, if any such was made, was the work of the clerk in his application of the law following upon the judgment of reversal. Such order will be upheld only in so far as it is sustained by the law. Beyond that it will be a nullity. It must be manifest that no other result could properly follow. If the clerk were to enter judgment for costs against any person not properly in court, it could not be pretended that such judgment would be binding, though the court might, upon petition or proper showing, order it revoked to prevent confusion.

Our conclusion is that Duling was not a party to the appeal, was not in court, and any order made or execution issued against him is void, and should be recalled by the clerk, if necessary, or the sheriff should be directed to disregard the same as to Duling, and make the costs out of the property of the appellee Barnes. It is so ordered.

Filed June 6, 1893.