## CROWE ET AL. *v.* BEEM.

[No. 5,478. Filed October 6. 1905.]

1. BILLS AND NOTES.—*Instalments.*—*Construction.*—A note in form: "90 days after date we promise to pay * * * $800 * * * with interest at eight per cent per annum from date until paid. * * * Payments to be $10 per month, or more if maker desires. 90 days' time allowed on all payments. No

interest to be paid until note is paid. Eight per cent interest allowed makers on all payments made from date of payments until note is all paid," will be construed as an instalment note, payable $10 per month, with an option by the makers to pay more, giving the makers 90 days' grace on all payments, payment of interest to be deferred until last payment on note and interest to be allowed on all payments from the time they were made.  p. 211.

2.  BILLS AND NOTES.—*Construction by Parties.*—That construction which the parties give to a note will be favored by the courts.  p. 213.

3.  PLEADING.—*Complaint.—Bills and Notes.*—A complaint upon a note dated December 25, 1900, for $800, payable in monthly instalments of $10 each, ninety days' grace being given on all payments, and which note shows that $160 only had been paid to the time of filing the action, June 10, 1903, is sufficient.  p. 213.

4.  BILLS AND NOTES.—*Alterations.—Materiality.*—The insertion of "90" in the blank preceding "days after date" in an instalment note of $800, payable $10 per month, or more at the makers' option, is an immaterial alteration.  p. 213.

5.  NEW TRIAL.—*Recovery too Large.—Bills and Notes.—Instalments.*—A new trial will be granted where the recovery on an instalment note was for the whole of the note where but a small part was due.  p. 214.

6.  APPEAL AND ERROR.—*Bill of Exceptions.—Authentication.—Statutes.*—Under the act of 1897 (Acts 1897, p. 244, §638a Burns 1901) a bill of exceptions signed by the judge and filed with the clerk within the time granted is a part of the record regardless of any action by the official stenographer.  p. 214.

From Owen Circuit Court; *David E. Watson,* Special Judge.

Action by John S. Beem against Benjamin P. Crowe and another.  From a judgment for plaintiff, defendants appeal. *Reversed.*

*Thomas G. Spangler,* for appellants.
*John L. Duncan* and *Willis Hickam,* for appellee.

WILEY, C. J.—Appellee sued appellants upon a note, of which the following is a copy: "$800. Spencer, Indiana, December 25, 1900.  90 days after date, we promise to pay to the order of John S. Beem, at Spencer, Indi-

ana, $800, value received, without any relief from valuation and appraisement laws, with interest at eight per cent per annum from date until .paid, and attorneys' fees. The drawers and indorsers severally waive presentment for payment, protest and notice of protest, and nonpayment of this note. Payments to be $10 .per month, or more if maker desires. Ninety days' time allowed on all payments. No interest to be paid until note is paid. Eight per cent interest allowed maker on all payments made from date of payments until note is all paid." On the back of the note were indorsed sixteen separate payments of $10 each, the first of which was on the 25th day of December, 1900, and the last of which was June 7, 1902, aggregating $160. Appellants filed a joint answer in six paragraphs. The first was a general denial, and the second and third pleas of payment before the commencement of the action. The fourth paragraph averred that the note sued on was executed on the 25th day of December, 1900, and was to draw interest at eight per cent from its date; that it was agreed between the maker, Benjamin P. Crowe, and the payee that said note should be due and payable by the month, in the sum of $10 per month, or more if the maker desired, and that ninety days' time should be allowed on all payments, and that no interest should be paid until the principal was fully paid; that said agreement was inserted in and made a part of said note as follows: "Payments to be $10 per month, or more if maker desires. Ninety days' time allowed on all payments." It was also further agreed that the makers of said note should be allowed eight per cent interest on each payment from the date of the same until the note was fully paid, said agreement being in the following words: "No interest to be paid until note is paid. Eight per cent interest allowed maker on all payments made from date of payments until note is all paid." It is further averred that appellants paid upon said note eighteen separate and distinct

payments, ranging from December 25, 1900, to October 4, 1902, and that each of said payments, with the exception of one, was in the sum of $10, and that one of said payments, to wit, March 4, 1901, was in the sum of $100, all aggregating $270; that by the terms of said note appellants are entitled to eight per cent interest on each of said payments from the date it was made, aggregating the sum of $45. It is then alleged that there were only twenty-six payments, or $260, due on the note at the time the action was commenced, and that appellants were entitled to credits thereon in the sum of $315, which left nothing due at the time of the commencement of the action.

In the fifth paragraph of answer appellants admit that they signed a note payable to appellee for the sum of $800, dated December 25, 1900; that the appellant Crowe was principal and appellant Carter surety thereon; that said Crowe received all of the consideration. It is then averred that, after they signed the note and the same was delivered to appellee, without their knowledge or consent, appellee materially altered and changed said note by inserting the figures "90" at the beginning of said note, and just before the word "days," thus making said note read: "90 days after date," etc., and thus attempting to make said note due ninety days after date, instead of by the month as originally provided in said note, when said note at the time it was delivered to appellee read: "——— days after date, we promise to pay," etc., with the conditions as in the note filed with the complaint.

In the sixth paragraph of answer appellants admit the execution of the note, but allege that at the time it was signed and delivered to appellee such note was written and printed and read as follows: "$800. Spencer, Indiana, December 25, 1900. ——— days after date we promise to pay to the order of John S. Beem, at Spencer, Indiana, $800," with the conditions and provisions stated therein as set out in the copy of the note filed with the complaint.

It is then averred that after the execution of the note appellee materially altered and changed the same in this: "He inserted the figures '90' in said note immediately preceding the word 'days' at the beginning of said note, thus making said note read, '90 days after date we promise to pay to the order of John S. Beem, at Spencer, Indiana, $800,'" together with the further conditions and provisions set out in said note, the same as set out in the copy of note filed with plaintiff's complaint; thus making, or attempting to make, the whole of said note due and payable ninety days after date, all without the consent of these defendants or either of them.

The fifth and sixth paragraphs of answer were verified. A demurrer to the fifth and sixth paragraphs of answer was sustained, and the cause put at issue by a reply in general denial. Trial by the court, resulting in a general finding and judgment for appellee in the sum of $741.21. Appellants' motions for a new trial and to modify the judgment were overruled.

In their assignment of errors appellants for the first time attack the sufficiency of the complaint. They also aver error in each of the adverse rulings against them to which we have referred.

Counsel for appellants argues that the complaint does not state facts sufficient to constitute a cause of action, for the reason that it proceeds upon the theory that the note

1. matured ninety days after date, and that the entire amount was then due, while on its face it shows that it was an instalment note, and that only $10, or more at the option of the maker, was due and payable monthly.

Our first inquiry must therefore be directed to the character of the instrument sued on, which is the contract between the parties. The contract is an unusual one, but not difficult of interpretation. The first part of it is in the usual and commercial form of a promissory note, and would

be a complete contract, without the additional clauses. The word "payments," together with all that follows it, was evidently written in and added to the usual printed form, and this is conceded. While the first part of the note contains the stipulation "90 days after date we promise to pay," etc., the added stipulations control, and evidently express the intentions of the parties. That is, appellants (the makers) promised to pay appellee (the payee) $800 at the rate of $10 per month after date, with an option given to the makers to pay more than $10 per month if they desired. That is, the debt of $800 matured at the rate of $10 per month, and on the 25th of each month, after the execution of the note, $10 became due and payable. The appellants were required under the terms of the contract to pay $10 each month, and had the option to pay more. It was an instalment note, and it was not all due when the action was commenced, as affirmatively appears from the note and the indorsements thereon.

The note also provides: "90 days' time allowed on all payments." The only construction that can be given to that provision is that, as each payment of $10 became due, the makers were given ninety days' grace in which to pay it. While in the main body of the note it is provided it shall bear interest at the rate of eight per cent from date, in a subsequent clause it is provided that "no interest to be paid until the note is paid." There is no inconsistency in these provisions, the latter one simply postponing the payment of the interest until the last payment is made.

It is further provided that all payments shall bear eight per cent interest from the dates of such payments. These provisions make clearly manifest the intentions of the parties that the note was an instalment note, that the principal should bear eight per cent interest from date, that the payment of interest on the principal should· be postponed until the final payment became due, and that all payments should bear a like interest from the time when paid.

This is the construction of the contract put upon it by the parties. Our conclusion is that, while the contract is clear and unambiguous, and will admit of but one construction, it affirmatively appears from the indorsements on the note, which must be considered the acts and conduct of the parties, that they gave it a construction in harmony with what we have said, and in such case they will be held to that construction by the courts. *Roush* v. *Roush* (1900), 154 Ind. 562; *Wilson* v. *Carrico* (1895), 140 Ind. 533, 49 Am. St. 213; *Childers* v. *First Nat. Bank* (1897), 147 Ind. 430; *Toledo, etc., R. Co.* v. *Burgan* (1894), 9 Ind. App. 604.

It does not necessarily follow from what we have said that the complaint is insufficient. The note is dated December 25, 1900. There are sixteen payments of $10 each indorsed on it, the first on the date the note was executed and the last June 7, 1902. This action was commenced June 10, 1903, being twenty-nine months after the execution of the note. By the express terms of the note twenty-nine payments of $10 each, aggregating $290, had fallen due when the suit was commenced. The complaint affirmatively shows that only $160 had been paid, which left due $130. Under the terms of the note, if any amount was due, appellee could enforce collection. It thus appearing that the amount indicated was due, the complaint states a cause of action.

It is next urged that it was error to sustain the demurrer to the fifth and sixth paragraphs of answer. These paragraphs set out facts to show that after the execution of the note appellee, without the knowledge or consent of appellants, made a material alteration in it by adding the figures "90" preceding the word "days," as fully indicated heretofore in this opinion. By the demurrer the appellee admits the truth of the allegations with reference to the alteration. This leaves the question to be determined: Was such alteration material? We think not.

We have held that the note in suit was a note payable in monthly instalments of $10, maturing each succeeding month after the date thereof. The insertion of the figures "90" did not in any manner affect the rights of the payee or makers. The alteration, being immaterial, did not destroy the validity of the note, and a recovery may be had on it in its original condition. *Kingan & Co.* v. *Silvers* (1895), 13 Ind. App. 80. There was no error in sustaining the demurrer to the fifth and sixth paragraphs of answer.

This leaves for consideration the questions presented by the motion for a new trial, to wit: (1) That the amount of recovery is erroneous, being too large; (2) and (3) that the decision is not sustained by sufficient evidence and is contrary to law. Appellee prosecuted this action upon the theory that by the terms of the note the whole debt became due ninety days after date. It is evident that the trial court adopted this theory, for the only basis upon which the judgment can rest is to calculate the interest on the $800 from date, add to it the attorneys' fees agreed upon, and deduct from this the aggregate amount of payments, together with the interest thereon. This being true, the judgment is erroneous.

It is urged by appellee that we can not consider the questions presented by the motion for a new trial which depend upon the evidence, because the evidence is not in the record. Under the act of 1897 (Acts 1897, p. 244, §638a Burns 1901) the evidence is in the record. *Hauger* v. *Benua* (1899), 153 Ind. 642. The note not containing any provision declaring that upon failure to pay any instalment when due the entire indebtedness should become due and payable, and the judgment being for the entire amount upon the basis above indicated, it follows that the finding is not sustained by sufficient evidence.

Judgment reversed, and the trial court directed to sustain appellants' motion for a new trial.