SCHUCHMAN, J.　This suit is brought on a note for $125, made by the defendant, and given to the plaintiff.　The defense is a general denial and want of consideration.　The want of consideration of said note would receive serious consideration by us on this appeal, but on the case on appeal as made and settled we are not in a position to review anything.　At the close of the case, the plaintiff's attorney moved for, and the court granted, a direction of a verdict in favor of the plaintiff, and the defendant took no exception to this direction.　The defendant requested to go to the jury, which request the court refused, and to which the defendant took an exception. But there was no question of fact to be submitted to the jury; the facts are all conceded.　Furthermore, the defendant's attorney moved for a new trial on all the grounds stated in section 999 of the Code, and caused an order to be entered denying said motion; but in his notice of appeal he appeals only from the judgment, and not from the order denying his motion for a new trial, and therefore we cannot review on that point.　In Thurber v. Railroad Co., 60 N. Y. 326, it is held that an order denying the motion for a new trial is not brought before the general term by, and is not reviewable on, appeal from a judgment, as an intermediate order involving the merits, and necessarily affecting the judgment.　A review of the facts can only be there had on appeal from the order.

Judgment appealed from affirmed, with costs.

CONLAN, J., concurs.

<hr />

(20 Misc. Rep. 171.)

### KERR v. UNION RY. CO.

(City Court of New York, General Term.　April 28, 1897.)

NOMINAL DAMAGES—INJURY TO PROPERTY.

 A verdict for only nominal damages to plaintiff's buggy cannot be sustained where the evidence shows that he was entitled, if at all, to a substantial sum for the cost of repairs and loss of the use of the buggy.

Appeal from trial term.

Action by John Kerr against the Union Railway Company for injuries to plaintiff's buggy.　From a judgment entered on a verdict in favor of plaintiff for nominal damages, plaintiff appeals.　Reversed.

Argued before VAN WYCK, C. J., and McCARTHY, J.

Lyman W. Reddington, for appellant.

Hoadly, Lauterbach & Johnson, for respondent.

McCARTHY, J.　No complaint can be made to either the trial judge or the charge of the trial justice.　The verdict for six cents and the judgment must be set aside, however, on the ground of inadequacy of damages.　McDonald v. Walter, 40 N. Y. 551; Kelly v. City of Rochester (Sup.) 15 N. Y. Supp. 29.　In an action for damages for slander, malicious prosecution, and such like, a jury can find six cents damages, but in an action like the one at bar, and on

the evidence presented, when once the jury determine in favor of the plaintiff, the measure of damages must be based on the evidence, and not on outside speculation. The evidence was that the plaintiff had spent in repairing the wagon $61.25, and that the actual damages, all told, were between the sum of $75 and $100, and that he was deprived of the use of the wagon a month or a little more. The jury must find for some sum based on the evidence. This they did not, and the judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event.

VAN WYCK, C. J., concurs.