## PAXSON v. DEAN.

[No. 4,289.   Filed April 23, 1903.]

DAMAGES.—*Landlord  and  Tenant.—Nominal  Damages.—Evidence.—*
Where in an action by a tenant for damages for wrongful eviction
the defendant pleaded a complete defense to the action and in-
troduced evidence in support thereof, but nothing in mitigation
of damages, and there was evidence showing actual damages,
capable of estimation with reasonable certainty, a verdict in
favor of plaintiff for mere nominal damages was erroneous.

From St. Joseph Circuit Court; *W. A. Funk,* Judge.

Action by Edward E. Paxson against Edwin R. Dean
for damages for wrongful eviction.   From a judgment in
favor of plaintiff for mere nominal damages, he appeals.
*Reversed.*

*George Bradshaw.* and *J. W. Kitch,* for appellant.
*George Ford* and *J. P. Creed,* for appellee.

Robinson, J.—Appellant avers in his complaint that in June, 1901, he was in possession of certain office rooms belonging to appellee; that, while appellant was temporarily absent, appellee obtained the keys to the premises through misrepresentation, and thereafter wrongfully, unlawfully, and maliciously dispossessed appellant of the use of the rooms for thirty days; that appellee unlawfully removed appellant's furniture, fixtures, and dental supplies and tools from the office, and removed appellant's signs from the doors, windows, and walls; that part of the furniture and fixtures was defaced, lost, and broken; that appellee leased the rooms to another dentist, who had possession about thirty days—all to appellant's damage. Appellee answered the complaint: (1) General denial; (2) surrender of possession by appellant; (3) pleading a lease, and also a contract between the parties by which appellant agreed that during the term he would abstain from the use of intoxicating liquor, and, if he failed to do so, that upon thirty days notice he would vacate the rooms; a violation of the agreement; that, on a date named, appellant agreed that he had violated his contract, waived the thirty days notice, and agreed that all matters should be referred to appellant's brother, and agreed that any settlement which might be made between appellee and the brother, acting for appellant, should be a final adjustment of the matter, and might include the surrender of the lease and premises; that thereupon appellee and the brother agreed that the premises should be vacated by appellant, and surrendered to appellee, and the lease canceled, whereupon the brother removed from the premises the effects of appellant, and surrendered the premises to appellee, and the lease was canceled. Trial by jury, and verdict in appellant's favor for $1, for which sum judgment was rendered, and also for $1 for costs of suit. The only question argued is the denial of a new trial.

Upon the subject of damages the court instructed the jury: "If you find from the evidence that the plaintiff is entitled to recover, you should assess as his damages an amount sufficient to cover for the value of the tools, furniture, and fixtures that were taken away and not returned; for the damages to the tools, furniture, and fixtures that were taken away and returned; for the loss of materials taken away and not returned; for the amount paid in rent by the plaintiff for the time he was dispossessed of the offices; for the value of the signs that were taken away and not returned; and for the expense of replacing the same, and the expense of repairing, cleaning, and replacing the furniture, fixtures, and tools into the office."

Counsel for appellant argue that upon the subject of damages this instruction was the law by which the jury should have been bound in returning its verdict; that the jury necessarily found against appellee on his third paragraph of answer, because it found in appellant's favor in some amount; that, being entitled to a verdict, he was entitled to such damages as the evidence shows he had sustained. In actions for personal injuries, malicious prosecution, and the like, the amount of damages to be awarded by the jury is almost wholly within the discretion of the jury, for the reason that there are no fixed standards of value from which to determine the amount. In such cases the court will hesitate to interfere with a verdict unless the jury have plainly abused the discretion vested in them. However, in these cases a verdict for inadequate damages may be set aside. See *Miller* v. *Delaware, etc., R. Co.,* 58 N. J. L. 428, 33 Atl. 950; *Phillips* v. *London, etc., R. Co.,* L. R. 5 Q. B. D. 78, 29 Moak Eng. Rep. 177. But in an action for damages for injury to property which has a value capable of estimation by direct proof, this discretion is, to an extent, limited.

The court properly instructed the jury that compensatory damages only could be allowed. And if the jury had

Paxson *v.* Dean.

returned a verdict in appellee's favor, we could not, on appeal, have disturbed the conclusion thus reached, for the reason that there is evidence which could be said to authorize such a verdict. The third paragraph of answer· pleads a complete defence to the action, and there is evidence in the record which would have been held sufficient on appeal to support all its material allegations. It is true the evidence was directly conflicting upon the question whether the injury averred to have been done the property was done by appellee, but the jury were the exclusive judges of the credibility of the witnesses. If the jury had found the allegations of the answer to be true, they could not have found damages in appellant's favor in any amount. It is manifest, however, from the verdict, that the jury found against appellee upon the answer, for the reason that they found appellee liable for damages. If the jury were warranted in finding for appellant on the evidence, and they did so find, and there is evidence to support such a finding, then appellant was entitled to a larger sum than was given. The undisputed evidence shows that the damages suffered were far in excess of the amount allowed by the jury. Among the issues necessarily found by the verdict in appellant's favor were that the property was damaged, and that the damage was caused by the wrongful acts of appellee. The remaining duty devolving upon the jury was to fix the amount, and this amount must be ascertained from the evidence before them and not otherwise.

It is quite true that the jurors are the sole judges of the credibility of witnesses and the weight of evidence, and that with the proper exercise of their judgment the court should not interfere, but it will not do to say that they are clothed with an arbitrary discretion whether they will consider or disregard the evidence. Why the jury in this case saw proper to give appellant a verdict, and then defeat the purpose of the verdict by disregarding and rejecting undis-

puted evidence, is not capable of explanation. If they desired to express their disapproval of appellant's cause of action, they should have found for the appellee. The verdict may have been the result of an unseemly compromise, or of a mistake, but, in any event, it is not, upon the face of the record, a verdict "according to law and evidence;" and to permit a conclusion reached in disregard of either to stand could not be said to be a due administration of public justice. As the undisputed evidence shows not only an actual damage to appellant's property, but also, with reasonable certainty, the extent of such damage, a verdict in name for appellant, but, in substance for appellee, has no legitimate basis upon which to rest. See *Watson* v. *Harmon,* 85 Mo. 443; *Whitney* v. *City of Milwaukee,* 65 Wis. 409, 27 N. W. 39, *Smedley* v. *Chicago, etc., R. Co.,* 45 Ill. App. 426; *Brown* v. *Foster,* 37 N. Y. Supp. 502; *McDonald* v. *Walter,* 40 N. Y. 551; *Kerr* v. *Union R. Co.,* 45 N. Y. Supp. 819; *Gartner* v. *Saxon,* 19 R. I. 461, 36 Atl. 1132; *Williams* v. *Reynolds,* 86 Ill. 263; *Nading* v. *Denison, etc., R. Co.,* 22 Tex. Civ. App. 173, 54 S. W. 412; *State, ex rel.,* v. *Wilson,* 90 Ind. 114.

Judgment reversed.