MAY TERM, 1919.                    203

F. & B. Livery Co. *v.* Indianapolis Traction, etc., Co.—71 Ind. App. 203.

## F. and B. Livery Company *v.* Indianapolis Traction and Terminal Company.

[No. 10,004.   Filed October 16, 1919.]

TRIAL. — *Verdict.* — *Setting Aside.* — *Nominal Damages.*—*Improper Compromise.*—*Reversal.*—In an action to recover damages to an automobile hearse resulting from a collision with a street car, where the undisputed evidence showed that the cost of repairs was $146.11, and that plaintiff paid $35 for a new tire to replace one destroyed in the accident, and that the value of the hearse, after being repaired, was worth less than before the collision, a verdict in the sum of one dollar, *held*, excluding every other possible influence, to be in itself conclusive proof that it was agreed upon as a result of an improper compromise, and the judgment will be reversed.

From Marion Superior Court (104,686); *John J. Rochford,* Judge.

Action by the F. and B. Livery Company against the Indianapolis Traction and Terminal Company. From the judgment rendered, plaintiff appeals. *Reversed.*

*A. M. Bristor* and *A. F. Buchanan,* for appellant.
*D. E. Watson,* for appellee.

The appellant instituted this action against the appellee to recover damages. Appellant's agent was driving its hearse westward in Jackson street in the city of Indianapolis, and while crossing the street car tracks in Illinois street one of appellee's cars ran against the hearse. As a result of the collision, the hearse was injured in the following particulars: One tire was ruined, the right front wheel was broken off, the front axle was bent, some spokes of a front wheel were broken, the fenders and a running board

were "smashed," the steering arms were broken or bent, both front lamps were broken, the radiator was damaged, the enamel and paint on the body was cracked and scratched, and the steel beams of the body were bent. There were other items of injury which we need not enumerate.

As to the measure of damages the jurors were instructed: "If you find for the plaintiff, in computing its damages, if any, you will take into consideration the difference in the value of the property before and after the accident.    *    *    *    If you find that the property was injured as alleged and that it was subsequently repaired, and if you further find that the making of the repairs substantially restored the property to its former condition, then the cost of the repairs is a proper item for you to consider in estimating the damages. If you find that the repairs were made but did not substantially restore the property to its former condition, then the measure of damages is the cost of the repairs plus such diminution in value of the injured property as was occasioned by the accident.    *    *    *"

The undisputed evidence is that the hearse was repaired by a reputable concern at the reasonable cost of $146.11; that in addition thereto appellant paid $35 for a new tire to replace the one destroyed; and that the value of the hearse, after being repaired, is less than before the accident.

Verdict and judgment for appellant in the sum of one dollar.

DAUSMAN, J. (After making the foregoing statement).—

Appellant's motion for a new trial should have

been sustained for the reasons stated in *Paxson* v. *Dean* (1903), 31 Ind. App. 46, 67 N. E. 112.

Counsel for appellee say: "The mere fact that the jury found for the plaintiff and assessed his damages at one dollar is conclusive that the majority of the jury were in favor of finding for the defendant, and simply found a nominal sum to satisfy some member of the jury who seemed to desire that a verdict should in all events be given against the appellee for some amount."

That the verdict is the result of a compromise of some sort is a legitimate inference. But that serves only to aggravate the wrong. Jurors are sworn to render a true verdict according to the law and the evidence. They should consecrate themselves to the fulfilment of that oath. They must not be permitted to trifle with the rights of citizens whose controversies are submitted to them for decision. When a juror deliberately sacrifices his convictions, he violates his oath and inflicts a serious wrong, not only upon the litigants, but also upon the state.

In *Goodsell* v. *Seeley* (1881), 46 Mich. 623, 10 N. W. 44, 41 Am. Rep. 183, Judge Cooley said: "It is no doubt true that juries often compromise * * * and that by 'splitting differences,' they sometimes return verdicts with which the judgment of no one of them is satisfied. But this is an abuse. The law contemplates that they shall, by their discussions, harmonize their views if possible, but not that they shall compromise, * * * and yield for the mere purpose of an agreement. The sentiment or notion which permits this tends to bring jury trial into discredit and to convert it into a lottery. It was no doubt very desirable to the public and to the parties that the

jurors should agree if they could do so without sacrificing what any one of them believed were the just rights of the parties; but not otherwise.''

In *Simmons* v. *Fish* (1912), 210 Mass. 563, 97 N. E. 102, Ann. Cas. 1912D 588, the court said: ''But a verdict which is reached only by the surrender of conscientious convictions upon one material issue by some jurors in return for a relinquishment by others of their like settled opinion upon another issue and the result is one which does not command the approval of the whole panel, is a compromise verdict founded upon conduct subversive of the soundness of trial by jury.''

If we exclude every other possible influence, then the verdict itself is conclusive proof of an improper compromise of the vital principles which should have controlled the decision. The result is injustice.

The judgment is reversed, and the trial court is directed to sustain appellant's motion for a new trial.