SNYDER ET AL. *v.* STANLEY ET AL.

[No. 10,945.   Filed January 4, 1922.]

1.  APPEAL.—*Review.—Judgment.—Inadequate Award of Damages.—Scope of Review.*—In an action to recover damages resulting from a sale of hogs alleged to have been diseased, a verdict for plaintiffs was a decision in their favor upon all the issues involved, so that plaintiffs cannot on appeal urge a reversal under error assigned on the overruling their motion for a new trial on any ground which does not relate to the amount of the damages assessed.  p. 256.

2.  TRIAL.—*Refusal of Instructions.—Abstract Propositions of Law.*—It is not error to refuse to give an instruction which is a mere abstract proposition of law.  p. 256.

3. TRIAL.—*Refusal of Instructions.*—It is not error to refuse requested instructions where the subject-matter thereof is covered by instructions given. p. 256.

4. DAMAGES.—*Proof Required.*—In an action to recover for injury to hogs from cholera, where the evidence as to resulting damages to plaintiffs' land was such that an assessment of such damages would have been based on mere conjecture, that element of damage could be ignored. p. 257.

5. APPEAL.—*Review.*—*Verdict for Nominal Damages.*—Where, in an action for injury to hogs from cholera, the jury found for plaintiffs and assessed their damages at $1, if the record discloses any explanation consistent with the presumption that the jurors have done their duty in view of the evidence and in accordance with the instructions, the court on appeal will adopt that explanation. p. 258.

6. SALES.—*Sale Defined.*—A sale is the transfer of the title to property for a price estimated in money. p. 260.

7. COSTS.—*Actions not Arising Out of Contract.*—*Costs Recoverable.*—*Statutes.*—In an action for injury to hogs from cholera, plaintiffs' request for an instruction that there was no contract because §3273 Burns 1914, Acts 1913 p. 333, made it unlawful to offer hogs for sale within four weeks after vaccination with cholera virus committed plaintiffs to the theory that the action did not arise out of contract, so that, under §619 Burns 1914, §592 R. S. 1881, no more costs than damages could be recovered where the verdict was for a less amount than $5. p. 260.

From Orange Circuit Court; *James L. Tucker,* Judge.

Action by Reuben Snyder and others against Bert Stanley and others. From the judgment rendered, the plaintiffs appeal. *Affirmed.*

*Edward P. Elsner, John M. Lewis* and *Shirts & Talbott,* for appellants.

*Elliott & Houston* and *Hottel & Mead,* for appellees.

DAUSMAN, C. J.—It appears from the uncontroverted evidence that on October 1, 1918, the appellees were the owners of certain hogs which they kept on their farm in Washington county; that on October 12, 1918, the appellants went to see the hogs and bargained for some of them at the price of twenty-three cents per pound; that on October 17, 1918, the appellants returned to the

appellees' farm, at which time they selected thirty-three hogs, averaging about fifty pounds each, and which were weighed and loaded on appellants' wagon. All the parties participated in the weighing and loading of the hogs. Thereupon the appellants paid the purchase price and took the hogs so purchased to their farm in Jackson county where they put them in a field with their other hogs. The hogs so purchased had been vaccinated with cholera virus by the appellees on October 1, 1918. Within ten days after taking the vaccinated hogs to their farm, appellants' other hogs became sick of cholera. Five of the hogs so purchased, and thirty-seven of appellants' other hogs, died of the cholera; and some that were sick of the cholera recovered but never gained in size thereafter.

The appellants instituted this action against the appellees to recover damages alleged to have resulted from the aforesaid transaction. The complaint is in three paragraphs. No demurrer was filed to the complaint or to any paragraph thereof. The only answer is the general denial. The trial resulted in a verdict for the plaintiffs in the sum of $1. Judgment was rendered on the verdict, and for costs in the sum of $1. The errors assigned challenge the action of the court (1) in overruling the motion for a new trial, and (2) in overruling the motion to modify the judgment with respect to costs.

Under the first assignment of error, counsel for the appellants urge a reversal on all the grounds specified in the motion for a new trial, viz.: (1) That the court erred in refusing certain instructions requested by them; (2) that the court erred in giving certain instructions at the request of the appellees; (3) that the verdict is not sustained by sufficient evidence; (4) that the verdict is contrary to law; and (5) that the assessment of damages is erroneous, being too small.

The jurors, as evidenced by their verdict, decided all the issues in favor of the appellants; and therefore the appellants will not be permitted to urge a reversal under the first assignment of error on any ground which does not relate to the amount of the damages assessed. Their only grievance is that the amount of the damages assessed is inadequate; and in their effort to procure a reversal they must be limited to a consideration of such elements only as have a bearing on that feature.

Of the group of instructions refused, Nos. 4 and 5 are mere statements of abstract propositions of law. If trial judges were conducting law schools and seeking to prepare jurors for the profession, there would be a reason for attempting to educate them with respect to the general abstract rules of the law; but that is not the purpose of the charge to a jury. The purpose of instructing jurors is to advise them of the particular questions which they are to determine and to inform them how to apply the law to the concrete facts of the case. It is not error to refuse to give an instruction which is merely a statement of an abstract proposition of law. *City of Chicago* v. *O'Malley* (1902), 196 Ill. 197, 64 N. E. 652. Appellants may not complain of the refusal to give these two instructions for the further reason that they have no bearing whatever on the amount of damages. Instruction No. 6 is too general to have been of much benefit to the appellants if it had been given; but the refusal to give it was harmless for the reason that its subject matter is covered by instructions given. Instructions Nos. 9, 10, and 13 were properly refused for the reason that they could serve no other purpose than to confuse and mislead the jurors.

Of the instructions given at the request of the appellees, complaint is made of Nos. 1, 2, 3, 6, 7 and 8.   None

of these instructions have any bearing whatever on the amount of damages; and for that reason alone appellants may not complain of them, and we will express no opinion as to their merits.

There is some opinion evidence tending to show the market value of the appellants' farm before and after the hogs thereon had cholera; and that evidence showed a depreciation in value to the extent of $10 per acre. However, there is no evidence tending to show the number of acres actually infected by the germs, nor is there any evidence tending to show that the injury thus resulting to their land, or to any part of it, would be permanent. On the contrary, the uncontradicted expert testimony shows conclusively that any injury to the land from that cause would be temporary only. One expert testified that cholera germs would probably live in woods for a year; but in the open, sixty or ninety days. Another expert testified that: "Sometimes it is not safe to put hogs on an infected farm for three or four years; but in this case I think one year." We will express no opinion as to whether the method by which it was attempted to show the amount of damages to the farm was a legitimate one. It is enough to say that damages cannot rest on mere conjecture; and the jurors would have been justified in ignoring this element of damages.

The uncontroverted testimony is that five of the hogs purchased from the appellees and thirty-seven of appellants' other hogs died of cholera; that still others suffered permanent injury; and that the total damage on account of hogs was $1,000. The appellees made no attempt to controvert the amount of damage thus shown, but were content to defend on the sole theory that appellees were not liable therefor. Now, if the question presented under the first assignment of error

depended solely upon the evidence pertaining to the pecuniary loss sustained on account of hogs, our duty would be clear.   F. & B. Livery Co. v. Indianapolis, etc., Co. (1919), 71 Ind. App. 203, 124 N. E. 493.   But the court charged the jurors as follows:

"The defendants are not liable for any loss the plaintiffs may have sustained by reason of any carelessness or negligence of their own; so if you find from a fair preponderance of the evidence that the plaintiffs knew, at the time they purchased the hogs or at the time they went to get the hogs, that the hogs had been vaccinated on October 1, 1918, and that the plaintiffs, knowing said facts, took the hogs home and put them on their farm with other hogs, and that by reason thereof the plaintiffs' hogs became sick and died, then the plaintiffs cannot recover and your verdict should be for the defendants."

In view of the evidence, that instruction is correct. 20 Cyc 137 et seq.   Indeed, it would be most unreasonable to permit the appellants to recover compensation for any loss which was due to their own wilful or careless conduct.   They admit that before they removed the hogs to their farm they knew that the animals had been recently vaccinated.   Under all the circumstances, the jurors may have been convinced that the injury which was the direct and natural consequence of the fraud, called for nominal damages only.

The case as presented in either court is peculiar. In drawing the complaint, appellants have not followed any of the old paths.   Neither the first nor the second paragraph contains the characteristic averments which a lawyer expects to find where the theory is fraud, breach of warranty, or negligence.   As to the theory of the cause of action, each of these paragraphs is ambiguous.   The third paragraph rests on the theory that the sale of the hogs was a violation of a

criminal statute, and for that reason alone the appellees are liable for any loss arising therefrom, absolutely and without regard to appellants' participation in the sale or to their subsequent conduct.

It appears from the record that as to the first and second paragraphs of the complaint the cause was tried on the theory of fraud; and that as to the third paragraph, the cause was tried on the theory therein stated, viz: an unlawful sale. There is no way by which we may know on which paragraph the verdict rests. In view of the pleadings and the instructions, the reasonable inference is that the jurors were convinced that the appellees perpetrated a fraud or violated the statute, and were convinced also that the damages which naturally resulted therefrom were only nominal and that the special damages were due to the appellants' own conduct in putting the vaccinated hogs with their other hogs, contrary to the advice and directions given them by the appellees; and that if the hogs had not been commingled no actual loss would have resulted. Furthermore, there is no direct evidence that the vaccinated hogs communicated cholera to the other hogs. That could be found as a fact only by inference. The evidence does not exclude the theory that the disease originated in some other way. The appellants had been in the hog business, and for a long time had used their farm as a hog farm. The jurors, or some of them, may have known from observation that cholera frequently appears at such places from causes unknown—seemingly of spontaneous origin. They may have felt that, in view of the evidence, a finding that the disease was communicated by the vaccinated hogs would have been purely conjectural. If they did so regard the matter, we could not disturb the verdict on that ground, for the undisputed evidence shows that only five of the vaccinated

hogs suffered from cholera, and they were the last to take sick and the last to die.

If the record discloses any explanation consistent with the presumption that the jurors have done their duty in view of the evidence and in accordance with the instructions, then it is our duty to adopt that explanation. We will not therefore, disturb the verdict.

Under the second assignment of error, the appellants contend that they are entitled to recover all their costs. Our Code provides that: "In all actions for damages solely, not arising out of contract, if the plaintiff do not recover five dollars damages, he shall recover no more costs than damages, * * *" §619 Burns 1914, §592 R. S. 1881.

The contention is that the cause of action arises out of contract, and therefore that provision of the Code is not applicable. Appellants have presented their cause in this court on one theory only, viz.: that the sale was in violation of a criminal statute, and therefore the appellees are liable for all the injury that appellants sustained. The appellees do not deny that the sale was unlawful, but they seek to sustain the judgment on the grounds: (1) That appellants participated in the unlawful sale, and (2) that the loss was not the direct and natural result of the sale but was due to the subsequent wilful and negligent conduct of appellants. The following is the statute involved:

"It shall be unlawful for any person to offer for sale or exhibition swine that have been vaccinated with the virus of any infectious disease within four weeks after said date of vaccination." §3273f Burns 1914, Acts 1913 p. 333.

A sale is the transfer of the title to property for a price estimated in money. 1 Mechem, Sales §1; 6, 7. 35 Cyc 25. Whether the legislature, by said statute, has declared that it shall be a crime to

transfer the title to vaccinated hogs within four weeks after the date of vaccination, we will not decide. We will, however, hold the parties to the theory to which they have voluntarily committed themselves. Now, it is elementary that a contract is involved in every sale. With reference to the contract of sale the appellants requested the court to give an instruction containing the following: "By reason of this statute, not only a criminal offense is created, but it also results that any contract, expressed or implied, to violate the statute is absolutely void and of no effect, because the same is against public policy."

We will not pass upon the merits of that instruction; nor will we permit appellants to contend that their cause of action rests on, or arises out of, a void contract. If the contract is void, then there was no contract.

Judgment affirmed.