BYRNE V. TURNER.

[No. 20,268. Filed November 9, 1965. Rehearing denied November 29, 1965. Transfer denied December 6, 1966.]

*Mann, Mann, Chaney, Johnson & Hicks,* and *Hansford C. Mann,* of Terre Haute, for appellant

*Dix, Dix, Patrick, Ratcliffe & Adamson, John B. McFaddin* and *D. Joe Gabbert,* of Terre Haute, for appellee.

MOTE, J.—This is an appeal emanating from the Parke Circuit Court from a judgment on the jury verdict denying damages to appellant-plaintiff, Mildred Byrne, for injuries suffered by her as a pedestrian in a collision with an automobile driven by appellee-defendant, Charles Thomas Turner.

The amended complaint in substance alleges that appellant was injured at a "T" intersection where South 20th Street intersects Wabash Avenue, an east-west highway, at an oblique angle from the south in Terre Haute, Vigo County, Indiana.

Appellant, while proceeding north over and along the sidewalk which runs parallel along the west side of South 20th Street, entered onto Wabash Avenue. While crossing the eastbound lanes of Wabash Avenue and when at or near the center line thereof, defendant's east-bound vehicle collided with appellant, thereby causing her injuries as alleged in the amended complaint.

Appellant charged in said amended complaint that said injuries were caused by the negligence and carelessness of appellee in the operation of his automobile in the following particulars:

"(a) In failing to yield the right of way to plaintiff who was walking across the highway in an unmarked cross walk at an intersection.

"(b) In failing to sound the horn as he approached plaintiff who was then and there in an unmarked cross walk.

"(c) In failing to slow his vehicle or bring it to a stop to allow plaintiff to cross the highway in the unmarked cross walk at an intersection.

"(d) In failing to keep a lookout for pedestrians using the unmarked cross walk, including plaintiff herein."

The issues were formed by appellee's answer denying negligence on his part, and asserting that appellant was guilty of negligence which proximately caused, or helped to cause or contributed to, the injuries and damages of which she complains.

At the close of the evidence both parties tendered instructions which were given or refused and the cause was submitted to a jury which returned a verdict for appellee, upon which a consistent judgment was entered.

Appellant's Motion For A New Trial, which was overruled, contained several specifications of alleged error; however, the appellant relies only upon the alleged error in the trial court's giving of appellee's tendered Instructions Numbered 22 and 5, thus the other specifications of her Motion For A New Trial are waived. See Rule 2-17 (e), 2-17 (f), Rules of the Supreme Court of Indiana.

Appellee's Instruction No. 22 reads as follows:

"You are instructed, members of the jury, that the law attaches the same legal consequences for not seeing that which a reasonable and prudent person would have seen, under like or similar circumstances as it does if circumstances then and there existing.

"That is to say, if you find by a fair preponderance of the evidence that Mildred Byrne, as she proceeded across United States Highway Number 40 could have in the exercise of reasonable and ordinary care seen the defendant's motor vehicle but did not in fact see such motor vehicle, then the law of this State is that the said Mildred Byrne would be charged with the same legal consequences as if she had seen the defendant's motor vehicle. Therefore, if in the exercise of reasonable and ordinary care, Mildred Byrne could have seen the defendant's motor vehicle as she proceeded across United States Highway Number 40 in time to have avoided the accident described in plaintiff's complaint, but failed to

see the defendant's motor vehicle, by reason of inadvertance or inattention, the law charges the said Mildred Byrne with the same legal consequences as if she had seen the motor vehicle, and, under such circumstances, Mildred Byrne would be guilty of negligence. If you further find by a preponderance of the evidence that such negligence was the sole proximate cause of the injuries of Mildred Byrne, then the plaintiff in this action cannot recover and your verdict should be for the defendant, Charles Thomas Turner."

Appellee's Instruction No. 5 was as follows:

"In the absence of statutes of the State of Indiana, or city ordinances to the contrary, pedestrians and motorists have equal rights upon the streets and highways of the State of Indiana. The rights and duties of each are reciprocal and should be exercised by each so as not to injure the other. A pedestrian using a street or highway is under a duty to use the care an ordinarily prudent person would use, under the same or like circumstances to avoid injury to herself, and failure to exercise such care renders her guilty of negligence. If you find from a preponderance of the evidence that negligence on the part of the plaintiff, proximately caused or helped to cause the injuries of which she complains, then your verdict must be against the plaintiff and for the defendant."

It should be noted before further discussion that appellant advanced her case on the theory that she was crossing said Wabash Avenue within an unmarked crosswalk at an intersection in which traffic control signals were lacking; whereas appellee's theory of the case was that appellant was walking diagonally across the intersection outside of an unmarked crosswalk and was not exercising due care and caution for her own safety.

The evidence in the record clearly shows a sharp conflict in the evidence as to whether appellant was or was not crossing within an unmarked crosswalk, thus presenting a question for jury determination.

The jury was properly instructed as to applicable statutes in Indiana regarding the theories advanced by both appellant and appellee. Plaintiff-appellant's tendered Instruction No.

12, reciting § 47-2032, Burns' 1952 Replacement, was given and reads as follows:

"The law governing the respective duties of automobile drivers and pedestrians at crosswalks, which was in effect on October 1, 1960, and is still in force, is as follows:

'Pedestrian's right of way at crosswalks.— (a) When traffic control signals are not in place or not in operation, the driver of a vehicle shall yield the right of way, slowing down or stopping if need be, so to yield to a pedestrian crossing the roadway within a crosswalk when the pedestrian is upon the half of the roadway upon which the vehicle is traveling or when the pedestrian is approaching so closely from the opposite half of the roadway as to be in danger, but no pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield. This provision shall not apply under the conditions stated in section 84-b.

'(b) Whenever any vehicle is stopped at a marked crosswalk or at any unmarked crosswalk at an intersection to permit a pedestrian to cross the roadway, the driver of any other vehicle approaching from the rear shall not overtake and pass such stopped vehicle.'

"I instruct you that if you find from a preponderance of the evidence that she was in the crosswalk it was the duty of the defendant to yield the right of way to Mrs. Byrne. I further instruct you that the failure of the defendant to see the plaintiff would not furnish an excuse for failing to yield the right of way, it being the duty of the defendant to anticipate the crossing of the street by pedestrians and to drive at a speed which would allow him to stop within the distance such pedestrians could be seen ahead."

Defendant-appellee's tendered Instruction No. 24, setting forth § 47-2033 (a), Burns' 1952 Replacement, was given and states the following:

"You are instructed that at the time of the collision here in controversy there was a Statute of the State of Indiana in full force and effect which reads as follows:

" 'Crossing at other than crosswalks— (a) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway.'

"You are further instructed, members of the jury, that if you find from a fair preponderance of the evidence that Mildred Byrne violated the foregoing Statute immediately before and at the time of the collision here in controversy, without justification or excuse, then I instruct you that she was guilty of negligence; if you further find from a preponderance that such negligence was the sole proximate cause of the collision in question, then I instuct you that your verdict should be for the defendant, Charles Thomas Turner."

It is the contention of appellant, and admitted by appellee, that both of the contested instructions are mandatory instructions. This being the case, the instruction is required to set out all the elements essential to a recovery, and directs the jury to return a verdict for the plaintiff if the jury find such elements to have been established. However, it has long been held that the omission of an essential element in a mandatory instruction constitutes reversible error. *King's Indiana Billiard Co.* v. *Winters* (1952), 123 Ind. App. 110, 127, 106 N. E. 2d 713.

It is the opinion of this Court that such an essential element is omitted in appellee's Instruction No. 22.

This Court is not unmindful of the case of *Ft. Wayne Transit, Inc. et al.* v. *Shomo, etc.* (1957), 127 Ind. App. 542, 143 N. E. 2d 431, cited by appellee in regard to Instruction No. 22, which says:

". . . A right of way means the privilege of the immediate use of the highway and is not an 'absolute' right which may be exercised without using reasonable care. . . ."

Admittedly, a person with a legal right of way may not proceed in an inadvertent and inattentive manner with complete disregard of the exercise of reasonable or ordinary care. However, this does not permit the trial court to give a mandatory instruction in which a general common law principle is applied to a specific situation without including qualifying statements to bring the common law principle within the ambit of the prerogative granted by the

statutory law of the state of Indiana. Such essential qualifications are lacking in this mandatory instruction, and said instruction therefore is, in our opinion, harmful, prejudicial and reversible. To accept Instruction No. 22 without further qualification would be to ignore the fact that the above mentioned pedestrian and vehicle right of way statutes are in existence.

Appellant also asserts error in that appellee's Instruction No. 5, also admitted to be mandatory, is erroneous in that it incorporates a statement of law to the effect that pedestrians and motorists have equal rights upon the highways of the state of Indiana, in the absence of a statute or ordinance.

Appellant alleges that under the respective theories advanced by the parties in this case that this "statement of the law is erroneous because the law of the State of Indiana accords either to one [pedestrian] or the other [vehicle] the right of way in a given situation." (See § 47-2032 and § 47-2033 (a), *supra*.)

Appellee is again instructing as to a general common law principle as applied to a specific situation and we need not reiterate this discussion.

Appellee also seeks to justify his tendered Instruction No. 5 by submitting two Indiana Appellate Court cases decided in 1929 and 1934, in which this Court stated that in the absence of a statute or ordinance a pedestrian and vehicle share equal rights upon the highways of Indiana. However, the above mentioned sections of Burns' Indiana Statutes, § 47-2032 and § 47-2033 (a), were enacted in 1939 by the Indiana General Assembly [Acts 1939, ch. 48, Sec. 83 and Sec. 84, p. 289], and are applicable to the conflicting theories advanced by the parties herein. Again, it would appear that if such an instruction were given it would, in effect, tend to ignore the existence of said statutory law.

Referring to appellant-plaintiff's Instruction No. 12 and appellee-defendant's Instruction No. 24, *supra*, which in-

structed the jury as to the applicability of the statutory law therein, it would appear that Instruction No. 5 would be inconsistent and contradictory or, at best, misleading and confusing, and cannot be cured by the giving of the other instructions correctly stating the law, as this is a mandatory instruction. *Covert* v. *Boicourt, Exr.* (1929), 93 Ind. App. 355, 168 N. E. 198; *Kraning* v. *Taggart* (1936), 103 Ind. App. 62, 1 N. E. 2d 689.

It is the opinion of this Court that appellee's Instruction No. 22 and Instruction No. 5 are erroneous and prejudicial and judgment is reversed with instructions to grant a new trial.

Bierly, C.J., Hunter and Smith, J.J., concur.

NOTE.—Reported in 211 N. E. 2d 314.