FRANK HILL *v*. WILLIE JENNINGS & RED CAB, INC.

[No. 770A101. Filed July 14, 1971. Rehearing denied September 8, 1971.]

*F. Boyd Hovde, Townsend, Hovde & Townsend,* of counsel, of Indianapolis, for appellant.

*John C. O'Connor, Rex P. Killian, Ruckelshaus, Bobbitt & O'Connor,* of counsel, of Indianapolis, for appellee.

WHITE, J.—Plaintiff-appellant, a pedestrian in Indianapolis, was crossing East 25th Street, at its intersection with New Jersey Street, from south to north at or near the west crosswalk, on January 6, 1968, when struck and injured by defendant-appellee's west bound taxicab. His suit against the cab company and the cab driver was tried to a jury. At the conclusion of plaintiff's case he dismissed as to the driver. The jury returned a verdict for the cab company.

This appeal questions only whether the trial court erred on the giving of two instructions and in its refusal to give three instructions tendered by plaintiff. We reverse for error in giving the questioned instructions.

Defendant's instruction No. 8, given over plaintiff's objection, reads:

> "If you should find from a consideration of all the evidence that at the time of the collision about which plaintiff complains the plaintiff possessed an ordinary sense of sight, then the law presumes that he would have seen the defendants' approaching taxicab when it came within the range of his vision, if he gave attention and looked and if he saw the taxicab approaching and, notwithstanding this, continued walking or running across the street he is regarded as having taken the risk upon himself and in such event your verdict should be for the defendants upon his complaint."

Appellee tacitly concedes that this is a mandatory instruction[1] and that an essential element of the defense which it attempts to expound is knowledge or appreciation of the risk of harm.[2] Admitting that that element was not explicitly

---

1. "Instructions . . . are mandatory in form . . . [when] they direct the jury to return a verdict for defendant if it finds from the evidence that certain facts exist." *Taylor* v. *Fitzpatrick* (1956), 235 Ind. 238, 246, 132 N. E. 2d 919.

2. *Ridgway* v. *Yenny* (1944), 223 Ind. 16, 57 N. E. 2d 581; *Rouch* v. *Bisig* (1970), 147 Ind. App. 142, 258 N. E. 2d 883, 888.

stated, appellee contends that that meaning is nevertheless conveyed by "[t]he pertinent part of the instruction [which] reads, '. . . if he (appellant) saw the taxicab approaching (within his range of vision) [3] and, notwithstanding this, continued walking or running across the street he is regarded as having taken the risk on himself . . .'." Thus, appellee would convince us that the instruction fulfills the requirement that a mandatory instruction for the defendant must enumerate all elements essential to a defendant's verdict.[4] We are not convinced. It strains reason to find in the actual words of that instruction any implication that plaintiff (or even that a reasonably prudent person in his place) must know and appreciate the peril of the approaching taxicab before "he is regarded as having taken the risk on himself." Furthermore, the instruction fails to include any qualification giving recognition to the statutory duties imposed on motorists and pedestrians.[5]

We have said enough in condemnation of defendant's instruction No. 8 to require a reversal and see no utility in further comment. Our restraint should not, however, be understood as partial approval nor as inviting attempts at rehabilitation through minor modification. Few recognizable features are likely to survive the major surgery which may be required to render it viable.

The court's final instruction No. 10 reads:

"Plaintiff's complaint is based on negligence. Negligence, whether on the part of the plaintiff or defendant, is the failure to do what a reasonably careful and prudent person would have done under the same or like circumstances, or the doing of something which a reasonably careful and prudent person would not have done under the same or like circumstances. In other words, negligence is the failure to exercise ordinary care.

"Not all negligence, however, is actionable. Actionable negligence consists of three elements: (1) A duty imposed

3. The words in parentheses are not in the instruction but are appellee's argumentative interpolation.
4. *Snow* v. *Sutton* (1961), 241 Ind. 364, 170 N. E. 2d 816.
5. *Byrne* v. *Turner* (1965), 139 Ind. App. 676, 681, 211 N. E. 2d 314.

by law to do or not to do a certain thing; (2) a violation of that duty by doing the prohibited thing, or by failing to do the thing commanded; and (3) an injury proximately caused by such violation of duty. There can be no recovery in the absence of any of such elements."

The first paragraph seems to be an accurate definition of negligence and perhaps of some help to the jury. The second paragraph, however, while undoubtedly a technically correct statement of the law[6], would appear to be of questionable aid to the jury. One would suspect that few laymen would readily perceive the meaning of "actionable" nor be assisted in recognizing the presence of or absence of "actionable negligence" by being told in abstract terms what its three elements are. As we said in *Conner* v. *Jones* (1945), 115 Ind. App. 660, 676, 60 N. E. 2d 534:

> ". . . '[T]he purpose of instructing jurors is to advise them of the particular question which they are to decide and to inform them how to apply the law to the concrete facts of the case.' *Snyder* v. *Stanley* (1922), 77 Ind. App. 253, 133 N. E. 512. . . . We further believe the practice of giving instructions which state mere abstract propositions of law without specific application is of little value to a jury and is not to be approved, though the error is harmless if the abstract proposition set out in the instruction is a correct statement of the law."

We probably would not reverse if the giving of this instruction were the only assigned error, but we do feel constrained to add some qualification to the statement quoted above. We do not believe that a technically correct abstract statement of law is always harmless. The use of terms understandable only by lawyers can create potentially harmful confusion in the minds of jurors. There may be other instances in which technically correct abstract statements of the law may mislead

---

6. *Garr* v. *Blissmer* (1961), 132 Ind. App. 635, 642, 177 N. E. 2d 913; *Thompson* v. *Owen* (1966), 141 Ind. App. 190, 201, 218 N. E. 2d 351.

jurors.[7] Certainly, this particular instruction should not be given on retrial.

Plaintiff's instructions which the Court refused to give were adequately covered by other instructions given. It was not error to refuse them. *Indianapolis Transit System, Inc.* v. *Williams* (1971), 148 Ind. App. 649, 269 N. E. 2d 543, 25 Ind. Dec. 482.

The judgment below is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Hoffman, C.J., and Staton, J., concur; Sharp, J., not participating.

NOTE.—Reported in 271 N. E. 2d 473.

---

7. *The Town of Salem* v. *Goller* (1881), 76 Ind. 291, 293.