**Paul HOTZ, As Next Friend of Mark Allen Hotz, and Individually, Plaintiffs-Appellants,**

v.

**Robert E. GELSTHORPE, City of Evansville, Indiana, Defendants-Appellees.**

No. 1–1078A278.

Court of Appeals of Indiana, First District.

March 28, 1979.

Rehearing Denied April 17, 1979.

**ROBERTSON, Judge.**

Plaintiff-appellant Paul Hotz, individually and as next friend of Mark Hotz (Hotz), appeals a jury verdict in favor of defendant-appellee City of Evansville (City).[1]

Hotz brought this action to recover for injuries sustained by his minor son when he was struck by a motorist while attempting to cross at a certain intersection. The complaint generally alleged that the City was negligent for the failure to "maintain traffic control" at the intersection in question. Pursuant to a pretrial order, Hotz specified the particular acts or omissions upon which he would rely at trial, to-wit: the City was negligent in failing to paint cross walks, install mechanical signal devices, and/or in failing to provide policemen to direct traffic. Each allegation was based on the premise that the City knew or should have known of the hazardous condition of the intersection. Hotz introduced evidence to the effect that the intersection was one of the most hazardous crossings in the city and that policemen were occasionally stationed there to direct traffic.

The sole allegations of error refer to the giving or failure to give various instructions. Hotz first contends that the trial court erred in refusing to give the following tendered instruction:

> You are instructed that the defendant, City of Evansville, at the time of the alleged occurrence, had a duty to exercise reasonable care in regulating the flow of automotive and pedestrian traffic so as to keep its streets in a reasonably safe condition for those persons who may use them. If you find from a preponderance of the evidence that the defendant, City of Evansville, failed to exercise such reasonable care, and that such failure was a proximate cause of plaintiff's injuries, then you may return a verdict in favor of the plaintiffs and against the defendant, City of Evansville.

The following instructions were submitted to the jury:

> I instruct you that if you find from a preponderance of the evidence:

John D. Clouse and Michael C. Keating, Evansville, for plaintiffs-appellants.

Robert T. Bodkin, Bamberger, Foreman, Oswald & Hahn, John C. Cox, Evansville, for defendants-appellees.

1. Hotz has limited his appeal to issues involving the City.

First: That the intersection of First Avenue and Dale Avenue in the City of Evansville was in a dangerous condition on November 18, 1974;

Second: That the injury of which plaintiffs complain was proximately caused by the dangerous condition;

Third: That the injury occurred in a way which was reasonably foreseeable as a consequence of the dangerous condition; and,

Fourth: That either:

(a) The dangerous condition was created by a negligent act or omission of the defendant, City of Evansville, or

(b) The defendant, City of Evansville, had actual or constructive notice of the dangerous condition a sufficient time prior to the time of the accident so that measures could have been taken to protect against the dangerous condition.

then you may return a verdict in favor of the plaintiffs and against the defendant, City of Evansville.

\* \* \* \* \* \*

A municipality had actual notice of a dangerous condition if an officer or employee of the municipality, while acting within the course or scope of his authority, had notice or actual knowledge of the existence of the condition and knew, or should have known, of its dangerous character.

A municipality had constructive notice of a dangerous condition if the condition had existed for such a period of time before the accident in question and was of such an obvious nature that the municipality, in the exercise of due care, should have discovered the condition and its dangerous character.

If, therefore, you find from a preponderance of the evidence that a dangerous condition existed, that the defendant, City of Evansville, had such actual or constructive notice a sufficient time prior to the time of the accident so that measures could have been taken to protect against such dangerous condition, that the defendant, City of Evansville,

negligently failed to take such measures, and that such negligence proximately caused plaintiff's injuries, then you may return a verdict for the plaintiffs and against the defendant, City of Evansville.

We believe the substance of the tendered instruction was adequately covered by those actually given, and hence this allegation of error is without merit. *See Hirsch et al. v. Merchants National Bank and Trust Co.* (1975), Ind.App., 336 N.E.2d 833; *Hobby Shops, Inc. v. Drudy* (1974), 161 Ind.App. 699, 317 N.E.2d 473.

■■■ Hotz secondly alleges error in the giving of the following instruction:

You are instructed that the City of Evansville cannot be held liable for damages suffered as a result of the City's failure to supply general police protection. [*City of Gary, by and through its Department of Redevelopment and the City of Gary v. Ruberto, 354 N.E.2d 786 (1976).* Also, *Simpson's Food Fair, Inc., v. City of Evansville, (1971), 149 Ind.App. 387, 222 N.E.2d 871].*

An instruction must be relevant to the issues as formulated at trial, *Brook v. St. John's Hickey Memorial Hospital* (1978), Ind., 380 N.E.2d 72, and this requirement is not necessarily satisfied by a correct statement of the law. *State v. Lincoln Memory Gardens, Inc.* (1961), 242 Ind. 206, 177 N.E.2d 655. While technically correct, an abstract proposition of law may constitute harmful error. *See Hill v. Jennings* (1971), 149 Ind.App. 241, 271 N.E.2d 473. Also, an instruction which is prejudicial and misleading constitutes grounds for reversal. *Grinter v. Haag* (1976), Ind.App., 344 N.E.2d 320.

■■■ We believe the instruction, although a verbatim statement from *Ruberto,* was misapplied to the issues involved herein. The *Simpson's Food Fair* case, relied upon in *Ruberto,* established under the circumstances therein that the city owed no *duty* to particular individuals to enforce the law; rather, the court held that the duty to enforce the law is owed to the *public* at large.

Assuming *arguendo* that Hotz established a *duty* on the City without regard to the failure to provide police at the intersection, the instruction was a misleading statement of the law to the issues in the case at bar. Here, the issue as to whether the City had a duty to provide a policeman to direct traffic was not involved. Hotz relied on the failure to provide police protection as a *breach* of a duty which was created by the City's knowledge of the hazardous condition. In other words, in contrast to *Simpson's* and *Ruberto,* the issue with respect to the failure to provide police assistance was whether such a failure constituted a breach of an independently established duty, and not whether such a failure alone would be actionable. Therefore, the trial court erred in giving the above instruction, and it was sufficiently misleading to compel a reversal herein.

Reversed and remanded for further proceedings consistent with the views stated herein.

LOWDERMILK, J., concurs.

HOFFMAN, J., (participating by designation) dissents with opinion.

HOFFMAN, Judge, dissenting.

I dissent.

The instruction given was proper.[1]

One allegation of negligence as set out by the appellants was "2. That the City failed to have a police officer there directing traffic when said City should have known of the hazardous nature of said place." This certainly alleges a failure of the City to supply general police protection.

The facts in general in *Simpson's Food Fair v. City of Evansville* (1971), 149 Ind. App. 387, 272 N.E.2d 871 are similar. In that case the appellants alleged that the City failed to assign extra police where the City knew and should have known of the high incidence of criminal activity in appel-

lants' neighborhood (such being a hazardous condition). The alleged negligence is the same as in this case.

The instruction given sets out the principle of law established by *Simpson's Food Fair v. City of Evansville, supra,* and was certainly relevant to an issue formulated by the pleadings and trial as demonstrated by the allegation of negligence. The trial judge instructed the jury both in the preliminary instructions and final instructions.

"The plaintiffs claim the defendant, City of Evansville, was negligent in one or more of the following ways:

\* \* \* \* \* \*

"2. The City failed to have a police officer there directing traffic when the City should have known of the hazardous nature of the intersection."

This instruction certainly would convey to a jury that the City could be negligent if it failed to supply general police protection.

Therefore, the trial court did not err in giving the instruction.

Furthermore, even if it was error to give the instruction, neither the appellants nor the majority demonstrates in what manner that error was prejudicial.

The appellants, in addition to establishing that an error has occurred, must also establish prejudice. *Merry v. State* (1975), Ind. App., 335 N.E.2d 249; *Henderson v. State* (1977), Ind.App., 364 N.E.2d 175. Appellants have failed in this respect.

I would affirm the trial court.

---

1. "You are instructed that the City of Evansville cannot be held liable for damages suffered as a result of the City's failure to supply general police protection. [*City of Gary, by and through its Department of Redevelopment and the City of Gary v. Ruberto,* 354 N.E.2d 786 (1976). Also, *Simpson's Food Fair, Inc. vs. City of Evansville* (1971), 149 Ind.App. 387, 272 N.E.2d 871]."